884 F.2d 1399
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Marilynn H. BROWN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 89-3224.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1989.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and BALDWIN, Senior Circuit Judge.
 SKELTON, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) in Docket No. SE831M8710159, which affirmed the decision of the Office of Personnel Management (OPM) that the petitioner had received an overpayment of disability retirement benefits in the sum of $13,364.34 while she was in a pay status, is affirmed.
 
 OPINION
 
 2
 Petitioner, Marilynn H. Brown, was employed by the United States Postal Service (USPS) as a distribution clerk. She was injured in an automobile accident on October 11, 1983, which rendered her unable to do regular work. From February 24, 1984, to April 26, 1986, she used small amounts of sick or annual leave per day with the rest of the time being spent in leave without pay status. She did this hoping to be able to return to work and also to keep her and her family covered by insurance as long as possible. Her last day in a pay status under this arrangement was April 26, 1986. She applied for and was granted a disability retirement annuity, which was paid to her by OPM beginning on March 11, 1984, which OPM believed was her last day in a pay status. These payments continued until USPS advised OPM that her last day in a pay status was April 26, 1986, and not March 11, 1984. OPM then recalculated the amount of her annuity and determined that she had been overpaid in the sum of $13,364.34 and demanded repayment.
 
 
 3
 Petitioner appealed to the board, which held that she was not entitled to disability payments as long as she was in a pay status, citing 5 U.S.C. 8345(b)(2), and that her practice of using small amounts of sick or annual leave each day with the rest of the time being spent in leave without pay status had the effect of keeping her in a pay status until the practice was discontinued on April 26, 1986. Therefore, the board held that she was not entitled to receive disability payments until her separation from the agency on that date, and, as a result, she had been overpaid as aforesaid. We believe the board has correctly interpreted and applied the statute, which provides that a disability annuity begins on the day after separation from the service and disability requirements have been met. Here, there was no separation from the service until the sick and annual leave had been exhausted on April 26, 1986. In other words, as long as she received these payments she was in a pay status and was not entitled to receive disability annuity payments.
 
 
 4
 Petitioner now asks us to waive the collection of the overpayment. However, petitioner did not ask for a waiver of the debt from the OPM or before the board. It is well settled that a party is precluded from raising an issue before a court which he did not raise before the board. See Lizut v. Dept. of the Army, 717 F.2d 1391, 1396 (Fed.Cir.1983). Therefore, we cannot and do not consider the waiver issue.
 
 
 5
 We have carefully considered all of the arguments of petitioner and have concluded that they are without merit, and that the board has correctly decided the case.